UNITED STATES BANKRUPTCY COURT
NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | |
|---|---|
| In re: | |
| EDSCHA NORTH AMERICA, INC. d/b/a EDSCHA U.S.A., INC. and EDSCHA JACKSON, INC., | Chapter 11<br>Case No. 09-39055<br>Hon. Carol A. Doyle |
| Debtor. | Date: **September 22, 2011**<br>Time: **10:30 a.m.**<br>Objection Deadline: **September 21, 2011 @ 4:00 p.m.** |

**THIRD AND FINAL APPLICATION OF VEDDER PRICE P.C. FOR ALLOWANCE AND PAYMENT OF COMPENSATION AND REIMBURSEMENT OF EXPENSES PURSUANT TO 11 U.S.C. §§ 330 AND 331 FOR THE PERIOD NOVEMBER 1, 2010 THROUGH AUGUST 5, 2011**

Vedder Price P.C. ("Vedder Price"), local counsel for The Official Committee of Unsecured Creditors (the "Committee") appointed in the chapter 11 case of Edscha North America, Inc. (the "Debtor"), pursuant to Sections 330 and 331 of the United States Bankruptcy Code, 11 U.S.C. §§ 101 *et seq.* (the "Bankruptcy Code"), Rule 2016 of the Federal Rules of Bankruptcy Procedure, and Rule 5082-1 of the Rules of the United States Bankruptcy Court for the Northern District of Illinois, hereby requests entry of an Order (i) authorizing payment of (x) compensation for services rendered to the Committee during the period between November 1, 2010 through and including August 5, 2011 (the "Subject Period") in the amount of $48,447.15[1]; (y) reimbursement of $305.23 of expenses incurred in connection therewith during the Subject Period; and (ii) allowing as final compensation the aggregate amount of $80,030.01 for Vedder Price's fees and expenses incurred from commencement of the above captioned Chapter 11 bankruptcy case through August 5, 2011, the effective date ("Effective Date") of the confirmed

---

[1] As set forth below, this amount includes voluntary discounts taken by Vedder Price in the amount of $11,182.85.

*Joint Plan of Liquidation of Edscha North America, Inc.* (the "Plan"). In support of this application (the "Application"), Vedder Price states as follows:

**Background**

1.  On October 19, 2009 (the "Petition Date"), the Debtor filed its voluntary petition for relief under chapter 11 of the Bankruptcy Code (the "Chapter 11 Case"). The Debtor is operating its businesses and managing its properties as a debtor-in-possession pursuant to sections 1107(a) and 1108 of the Bankruptcy Code. No trustee or examiner has been appointed in the Chapter 11 Case.

2.  On November 3, 2009, the Office of the United States Trustee appointed the Committee pursuant to section 1102 of the Bankruptcy Code. [Docket No. 16]. The Committee selected Honigman Miller Schwartz and Cohn LLP ("Honigman") to serve as its main counsel and Vedder Price to serve as its local counsel.

3.  On November 12, 2009, the Committee filed its *Motion to Employ Vedder Price* (the "Employment Motion") [Docket No. 33]. On December 1, 2009, the Court entered the *Order Granting Application to Employ Vedder Price* (the "Employment Order"). [Docket No. 55].

4.  On February 2, 2010, the Court entered the *Order Authorizing the Debtor to Pay Postpetition Retainers to Vedder Price*, in the amount of $20,000 (the "Retainer"). [Docket No. 103].

5.  On July 29, 2011, the Court entered an *Order Approving Disclosure Statement and Confirming Joint Plan of Liquidation of Edscha North America, Inc.* (the "Confirmation Order") [Docket No. 467].

2

**Explanation of Services and Fees**

6.      During the Subject Period, and pursuant to the Employment Order, Vedder Price provided legal advice to the Committee and its main counsel, Honigman, and assisted the Committee, Honigman and the Debtors to conclude the Debtor's liquidation efforts and confirm the Plan.  Specifically, Vedder Price provided assistance in reaching settlements with the Debtor's various secured lenders, the Pension Benefit Guaranty Corporation, Blue Cross Blue Shield, and various other parties, which settlements resulted in confirmation of a consensual Plan.  Moreover, Vedder Price analyzed each of the hundreds of scheduled and filed proofs of claim in the Chapter 11 Case and has worked extensively with Honigman and the Committee in filing claims objections.   During the Subject Period, Vedder Price also assisted Honigman in filing pleadings in this case, and appeared in Court as necessary.  The various settlement agreements and claims analysis described above has provided an anticipated distribution for unsecured creditors when the possibilities for such a distribution did not previously exist.

7.      During the Subject Period, Vedder Price devoted a total of 145.6 hours to the performance of necessary and valuable services on behalf of the Committee, for fees totaling $48,447.15, which Vedder Price requests be allowed and paid at this time, as provided herein.

8.      On March 2, 2010, Vedder Price filed and served its *First Interim Application of Vedder Price P.C. for Allowance and Payment of Compensation and Reimbursement of Expenses Pursuant to 11 U.S.C. §§ 330 and 331 for the Period November 3, 2009 Through February 24, 2010* [Docket No. 126], requesting $17,278.50 in fees and $1,146.66 in expenses.  As no objections were received, by Order dated March 23, 2010, the Court authorized the Debtors to pay Vedder Price 100% of Vedder Price's requested fees ($17,278.50) and approximately 97% of Vedder Price's requested expenses ($1,116.69) (Docket No. 150).   These amounts ($18,395.19) were deducted from the Retainer, leaving a then-existing balance of $1,604.31.

CHICAGO/#2231151.2

9. On November 15, 2010, Vedder Price filed and served its *Second Interim Application of Vedder Price P.C. for Allowance and Payment of Compensation and Reimbursement of Expenses Pursuant to 11 U.S.C. §§ 330 and 331 for the Period February 25, 2010 Through October 21, 2010* [Docket No. 260], requesting $12,843.00 in fees and $9.47 in expenses. As no objections were received, by Order dated December 7, 2010, the Court authorized the Debtors to pay Vedder Price 100% of Vedder Price's requested fees ($12,843.00) and expenses ($9.47) [Docket No. 275]. Of these total amounts ($12,852.47), $1,604.31 was deducted from the Retainer, and the remaining amount ($11,248.16) was paid by the Debtor's estate.

10. Attached to this Application as Exhibit A is an itemized statement of Vedder Price's services setting forth, by subject matter category: (a) a detailed description of services rendered during the Subject Period, on a daily basis, by each lawyer, paraprofessional, and other timekeeper employed by Vedder Price who performed services for the Committee, with the hours spent on such services by each such timekeeper and the amounts charged therefore; and (b) the total number of hours devoted by Vedder Price lawyers, paraprofessionals, and other timekeepers to performing services for the Committee in each such subject matter category and the aggregate value of such services during the Subject Period. Exhibit A was prepared from the time sheets and computer records regularly kept by Vedder Price, its lawyers, paraprofessionals, and other timekeepers.

11. The necessary professional services performed by Vedder Price during the Subject Period are summarized as follows:

(a) <u>Miscellaneous Matters (Vedder Price Matter 42119.00.0001)</u>: This category includes, but is not limited to, providing general legal advice to the Committee and

4

Honigman, and generally assisting the Committee and Honigman as necessary. (Fees: $814.00[2]; Hours: 1.60)

   (b) <u>Retention and Compensation (Vedder Price Matter 42119.00.0002)</u>: This category includes, but is not limited to, time spent preparing and/or reviewing Fee Applications for Vedder and Honigman, and court appearances regarding such interim applications. (Fees: $4,402.50; Hours: 13.20)

   (c) <u>Court Hearings (Vedder Price Matter 42119.00.0003)</u>: This category includes, but is not limited to, time spent preparing for and attending necessary court hearings related to various motions and status conferences related to settlement agreements and the Plan. (Fees: $3,923.50; Hours: 7.20)

   (d) <u>Plan / Disclosure Statement (Vedder Price Matter 42119.00.0005)</u>: This category includes, but is not limited to, time spent (i) reviewing and analyzing various matters related to the negotiations concerning the Plan and Disclosure Statement, resulting in the confirmed Plan and anticipated distribution to unsecured creditors, (ii) analyzing each of the hundreds of scheduled and filed proofs of claim, and (iii) assisting Honigman and the Committee in preparing objections to same, as necessary. (Fees: $42,725.00; Hours: 109.60)

   (e) <u>Expenses (Vedder Price Matter 42119.00.0008)</u>: This category includes all expenses incurred by Vedder Price in connection with its duties and legal advice to the Committee and Honigman. (Fees: $0.00; Hours: 0.0; Expenses: $305.23)

   (f) <u>Lender Issues (Vedder Price Matter 42119.00.0009)</u>: This category includes, but is not limited to, time spent negotiating a global settlement with the Debtors, Lenders and the Committee, as well as reviewing the proposed global settlement agreement. (Fees: $7,765.00; Hours: 14.00)

   12. Vedder Price attempted to identify its services and record the time spent thereon in a manner which would most clearly and accurately explain and segregate by project the services it rendered. However, due to the nature of the case and the fact that conferences, telephone conversations, and Court appearances frequently involve multiple subjects, strict segregation by category is difficult. Despite Vedder Price's best efforts, some time may have been classified incorrectly.

---

[2] The fees itemized in the various categories do not reflect the discounts provided by Vedder Price, discussed in more detail below.

5

13. The current hourly rates charged by Vedder Price for its services rendered to the Committee range from $310 to $575 for attorneys and range from $85 to $150 for paraprofessionals. The Committee has been advised that Vedder Price's hourly rates are subject to periodic adjustment in the ordinary course of Vedder Price's business. Exhibit B sets forth the names and positions of, total number of hours devoted by, hourly rates of, and total dollar amounts charged by the respective attorneys, paraprofessionals, and other timekeepers who performed services for the Committee during the Subject Period.

14. Every attempt has been made to avoid duplication of services, both among the attorneys at Vedder Price, and between Vedder Price and Honigman; when more than one attorney participated in any matter or hearing, such joint participation was necessary because of the complexity of the legal issues involved, the various legal disciplines required, or the need to familiarize a person with such matters so that he or she could independently perform further necessary work thereon.

**Explanation of Expenses**

15. In addition to the time expended by Vedder Price in its representation of the Committee, Vedder Price incurred unreimbursed actual and necessary costs and expenses on behalf of the Committee during the Subject Period in the sum of $305.23, as itemized on Exhibit C attached hereto, which Vedder Price requests be allowed and paid at this time, as provided herein.

16. Vedder Price has not requested reimbursement for secretarial overtime, westlaw online research charges, local transportation, facsimile transmissions (other than for applicable long distance charges) and local meals and refreshments.

CHICAGO/#2231151.2

**Disclosures**

17. This Application is Vedder Price's final fee application, covering the period of October 19, 2009 through and including August 5, 2011.

18. Vedder Price has received $31,248.16 in connection with its services described herein pursuant to prior interim fee applications submitted to this Court.

19. Vedder Price requests that the Debtor be authorized and directed to pay Vedder Price fees and expenses in the total amount of $48,752.38, consisting of (i) $48,447.15 for the actual and necessary legal services rendered by Vedder Price during the Subject Period and (ii) $305.23 for the actual and necessary expenses incurred on behalf of the Committee in connection with such legal services during the Subject Period. Vedder Price requests that the amounts awarded be paid from cash on deposit in the Debtor's operating account.

20. In addition, Vedder Price requests final approval of all Vedder Price fees and expenses incurred in the Chapter 11 case. The aggregate fees and expenses sought by Vedder Price for final approval are summarized as follows:

| *Fee Application* | *Period Covered* | *Fees Requested* | *Fees Paid* | *Expenses Requested* | *Expenses Paid* | *Unpaid Balance* |
|---|---|---|---|---|---|---|
| First | October 19, 2009 through February 24, 2010 | $17,278.50 | $17,278.50 | $1,146.66 | $1,116.69 | $0.00 |
| Second | February 25, 2010 through October 31, 2010 | $12,843.00 | $12,843.00 | $9.47 | $9.47 | $0.00 |
| Third and Final | November 1, 2010 through August 5, 2011 | $48,447.15 | N/A | $305.23 | N/A | N/A |
| **TOTAL** | October 19, 2009 through August 5, 2011 | $78,568.65 | $30,121.50 | $1,461.36 | $1,156.13 | N/A |

CHICAGO/#2231151.2

21. All of the services and expenses for which compensation and reimbursement are hereby requested were rendered solely on behalf of the Committee and not on behalf of any other entity. All such services are compensable pursuant to Bankruptcy Code §§ 330 and 331.

22. No agreement exists between Vedder Price and any person for the sharing of compensation received by Vedder Price in connection with this case, except as allowed by Bankruptcy Code § 504(b) and Fed. R. Bankr. P. 2016 with respect to sharing of compensation among members of Vedder Price.

**Voluntary Discount**

23. The total fees requested by Vedder Price for the Subject Period ($48,447.15) reflects a voluntary discount of $11,182.85, consisting of a $10,000 discount from Vedder Price's fees during the period of November 1, 2010 through May 13, 2011 and a ten percent (10%) discount ($1,182.85) on all fees for services provided during the period from May 14, 2011 through August 5, 2011. The $10,000 discount will be paid only if general unsecured creditors receive a distribution greater than ten percent (10%).

WHEREFORE, Vedder Price respectfully requests that the Court enter an Order:

A. Allowing Vedder Price fees and expenses in the total amount of $48,752.38, consisting of (i) $48,447.15 for the actual and necessary legal services rendered by Vedder Price during the Subject Period and (ii) $305.23 for the actual and necessary expenses incurred on behalf of the Committee in connection with such legal services during the Subject Period;

B. Authorizing and directing the Debtor to pay fees and expenses in the total amount of $48,752.38, consisting of (i) $48,447.15 for the actual and necessary legal services rendered by Vedder Price during the Subject Period and (ii) $305.23 for the actual and necessary expenses incurred on behalf of the Committee in connection with such legal services during the Subject Period;

C. Allowing Vedder Price the aggregate amount of $78,568.65 as final compensation and $1,461.36 in reimbursement of expenses for the period of October 19, 2009 through August 5, 2011 as set forth herein;

CHICAGO/#2231151.2

D. Allowing Vedder Price the additional amount of $10,000 to pay fees for the actual and necessary legal services rendered by Vedder Price to the Committee, but only if general unsecured creditors receive a distribution greater than ten percent (10%);

E. Authorizing and directing the Debtor to pay the allowed amount of fees and expenses; and

F. Granting such other and further relief as the Court deems just and appropriate.

Dated: Chicago, Illinois
       August 23, 2011

Applicant:                                    VEDDER PRICE P.C.


                                              By:        /s/ Michael M. Eidelman
                                                         One of Its Shareholders

VEDDER PRICE P.C.
Michael M. Eidelman (Bar No. 06197788)
William W. Thorsness (Bar No. 06290913)
222 North LaSalle Street, Suite 2600
Chicago, IL  60601-1003
Telephone:  (312) 609-7500
Facsimile:  (312) 609-5005
meidelman@vedderprice.com
wthorsness@vedderprice.com

*Counsel for the Unsecured Creditors' Committee*

9