**IN THE UNITED STATES BANKRUPTCY COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION**

| | |
|---|---|
| In re: | Chapter 11 Case |
| **EDSCHA NORTH AMERICA, INC. d/b/a EDSCHA U.S.A., INC. and EDSCHA JACKSON, INC.** | Case No. 09-39055 |
| | Hon. Carol A. Doyle |
| Debtor. | Date: September 22, 2011
Time: 10:30 a.m. |

**NOTICE OF MOTION**

To:    See Service List

      **PLEASE TAKE NOTICE** that on **September 22, 2011 at 10:30 a.m.**, the undersigned shall present to the Honorable Carol A. Doyle, or any judge sitting in her stead, in Courtroom 742 of the United States Bankruptcy Court for the Northern District of Illinois, Eastern Division, at the Dirksen Federal Courthouse, 219 S. Dearborn St., Chicago, IL 60604, **FOURTH AND FINAL APPLICATION OF ARNSTEIN & LEHR LLP FOR COMPENSATION AND REIMBURSEMENT FOR EXPENSES FOR PERIOD NOVEMBER 1, 2010 THROUGH JULY 21, 2011,** a copy of which is served upon you.

                                      Respectfully submitted,
                                      ARNSTEIN & LEHR LLP

                                      By:    /s/ Michael L. Gesas
                                            One of its Attorneys

                                      Michael L. Gesas (06186924)
                                      Miriam R. Stein (06238163)
                                      Kevin H. Morse (06297244)
                                      ARNSTEIN & LEHR LLP
                                      120 S. Riverside Plaza, Suite 1200
                                      Chicago, IL 60606
                                      Phone: (312) 876-7100
                                      Fax: (312) 876-0288

## CERTIFICATE OF SERVICE

I, Michael L. Gesas, hereby certify that I caused a copy of the following documents that were filed with the Clerk of the Bankruptcy Court on August 23, 2011:

1. FOURTH AND FINAL APPLICATION OF ARNSTEIN & LEHR LLP FOR COMPENSATION AND REIMBURSEMENT FOR EXPENSES FOR PERIOD NOVEMBER 1, 2010 THROUGH JULY 21, 2011

2. COVER SHEET FOR APPLICATION FOR PROFESSIONAL COMPENSATION

to be served on the parties listed on the attached Service List by the Court's ECF system and/or electronic mail, on August 23, 2011.

/s/ Michael L. Gesas

## SERVICE LIST

*Via E-Mail*:

Darlene S. Knight
Edscha North America, Inc.
Edscha Birmingham
401 South Old Woodward, Suite 438B
Birmingham, MI 48009

*Via ECF*:

Mark E. Abraham
Interested Party – Ann Blackman
mabraham@gouldratner.com
mhuerta@gouldratner.com

Judy B Calton
General Motors LLC
jcalton@honigman.com

W. Kent Carter
Markson Tool & Manufacturing Company
wcarter@clarkhill.com
estoneking@clarkhill.com

Heather M Durian
State of Michigan, Department of Treasury
durianh@michigan.gov

Chizoba Egbuonu
Pension Benefit Guaranty Corporation
egbuonu.chizoba@pbgc.gov
efile@pbgc.gov

Michael M. Eidelman
Creditor Committee
meidelman@vedderprice.com
ecf-docket@vedderprice.com

Timothy Engling
Ford Motor Company
engling@millercanfield.com
laplante@millercanfield.com
swansonm@millercanfield.com

Earle Erman
2800 Centerpoint Parkway Investments, LLC
eerman@ermanteicher.com

deisenberg@ermanteicher.com

Michael C. Hammer
Chrysler Group LLC
mchammer2@dickinsonwright.com

Patrick S Layng
USTPRegion11.ES.ECF@usdoj.gov

Colleen E McManus
Unicredit Luxembourg S.A.
cmcmanus@carlsondash.com

David W Parham
Finsa Northern Assets I
david.parham@bakermckenzie.com
julia.rogic@bakermckenzie.com

Aaron M Silver
Creditor Committee
asilver@honigman.com

William W Thorsness
Creditor Committee
wthorsness@vedderprice.com
ecfdocket@vedderprice.com

Robert B. Weiss
Creditor Committee
rweiss@honigman.com

**IN THE UNITED STATES BANKRUPTCY COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION**

| | |
|---|---|
| In re: | Chapter 11 Case |
| **EDSCHA NORTH AMERICA, INC. d/b/a EDSCHA U.S.A., INC. and EDSCHA JACKSON, INC.** | Case No. 09-39055 |
| | Hon. Carol A. Doyle |
| Debtor. | Date: September 22, 2011<br>Time: 10:30 a.m. |

**FOURTH AND FINAL APPLICATION OF ARNSTEIN & LEHR LLP FOR
COMPENSATION AND REIMBURSEMENT FOR EXPENSES FOR PERIOD
<u>NOVEMBER 1, 2010 THROUGH JULY 21, 2011</u>**

Arnstein & Lehr LLP ("A&L"), counsel for Edscha North America, Inc. d/b/a Edscha U.S.A., Inc. and Edscha Jackson, Inc., debtor and debtor-in-possession (collectively, "Edscha N.A." or "Debtor"), pursuant to 11 U.S.C. §§ 330 and 331, applies to this Court for an entry of an order: (a) allowing as compensation the amount of $128,209.96 for legal services rendered during the period November 1, 2010 through July 21, 2011 and reimbursement to A&L in the amount of $1,758.59 in expenses; (b) authorizing the Debtor to pay the allowed fees and expenses for the period November 1, 2010 through July 21, 2011; and (c) allowing as final compensation the aggregate amount of $667,977.46 for legal services rendered and $9,871.18 in expenses through confirmation of the Chapter 11 bankruptcy case (October 19, 2009 through July 21, 2011). In support thereof, A&L respectfully states as follows:

<u>**BACKGROUND**</u>

**A.     The Chapter 11 Bankruptcy Case**

1.     On October 19, 2009 (the "Petition Date"), the Debtor filed a voluntary petition for relief under Chapter 11 of the Bankruptcy Code (the "Chapter 11 Case"). On

the same date, the Debtor filed its bankruptcy schedules and Statement of Financial Affairs.

2. On November 12, 2009, this Court entered an Order approving Debtor's employment of Michael L. Gesas, Miriam R. Stein, Kevin H. Morse and the law firm of Arnstein & Lehr LLP ("A&L") as Debtor's counsel in the Chapter 11 Case retroactive to the Petition Date.

3. On November 4, 2009, an Official Committee of Unsecured Creditors ("Committee") was appointed in the Chapter 11 Case. On December 2, 2009, this Court granted the Committee's request to employ Vedder Price P.C. ("Vedder Price") as local counsel for the Committee and, on December 7, 2009, this Court entered an Order approving Honigman Miller Schwartz and Cohn LLP ("Honigman") as lead counsel to the Committee.

4. Pursuant to sections 1107(a) and 1108 of the Bankruptcy Code, the Debtor continues to manage its assets and financial affairs as debtor in possession.

5. Historically, the Debtor was a manufacturer and supplier of body hardware, such as hinges, checklinks, crowns, closures, and driver controls, such as hand and foot brakes, for the automotive industry.

6. The Debtor's financing, inventory and equipment, as well as intellectual property, was supplied by its ultimate parent corporation Edscha AG, located in Germany ("Edscha AG"). Due in large part to the economic instability and decline of the international automotive industry, Edscha AG itself filed for insolvency proceedings in Germany on February 2, 2009, and its insolvency case was opened with a permanent administrator appointed in May 2009.

7. The insolvency filing by Edscha AG left the Debtor without financing that was previously available to it. Without an available source of financing, the Debtor took

immediate and effective action to protect its creditors and to maintain the highest value for its assets and to operate efficiently, by effecting a controlled reduction of operations including asset sales.

8.  As part of this process, the Debtor entered into an agreement (the "February Customer Agreement"), effective February 9, 2009, with Mercedes-Benz U.S. International, Ford Motor Company ("Ford"), Chrysler Canada Inc., Chrysler de Mexico S.A. de C.V., Chrysler LLC, General Motors Corporation ("GM"), Volkswagen de Mexico, S.A. de C.V., Nissan North America, Inc. and Nissan Mexicana, S.A. de C.V., to provide funding for continued operations.  The February Customer Agreement was in effect, with extensions, from February 9, 2009 through on or about June 30, 2009.

9.  On May 14, 2009, the Debtor and the remaining customers, Ford and GM, entered into a funding agreement that provided for advance financial assurance of continuing production as the Debtor's production wound down.

10.  On June 30, 2009, the Debtor ceased production of goods (the "Production Cessation Date").  Since the Production Cessation Date, the Debtor has operated its business as a lessor of equipment and licensor of intellectual property.

11.  The Debtor filed this Chapter 11 Case to pursue a controlled final liquidation of its remaining assets by way of structured sales formed prior to and after the Petition Date, which the Debtor believes will yield the highest and best recovery for the estate for distribution to the Debtor's creditors.

12.  On July 21, 2011, this Court entered an order approving the Debtor and Committee's Joint Disclosure Statement and confirming the Joint Plan of Liquidation.

**B.  Prior A&L Fee Applications**

13.  On March 2, 2010, A&L filed its First Interim Application for Compensation and Reimbursement for Expenses for the period October 19, 2009 thru February 15,

2010. On March 23, 2010, this Court entered an Order granting the First Interim Application for Compensation, awarding fees in the amount of $180,443.00 and expenses in the amount of $2,683.50.

14. On June 18, 2010, A&L filed its Second Interim Application for Compensation and Reimbursement for Expenses for the period February 16, 2010 thru May 31, 2010. On July 15, 2010, this Court entered an Order granting the Second Interim Application for Compensation, awarding fees in the amount of $185,859.50 and expenses in the amount of $2,474.85.

15. On November 15, 2010, A&L filed its Third Interim Application for Compensation and Reimbursement for Expenses for the period June 1, 2010 thru October 31, 2010. On December 7, 2010, this Court entered an Order granting the Third Interim Application for Compensation, awarding fees in the amount of $173,465.00 and expenses in the amount of $2,954.24.

## NARRATIVE SUMMARY OF SERVICES
### (Fourth and Final Fee Application)

16. A narrative summary of the services rendered by A&L during the period November 1, 2010 through July 21, 2011 is set forth below. Itemized and detailed descriptions of the specific services rendered by A&L to the Debtors during this period are reflected on the billing statements attached hereto as Exhibits A through L. The billing statements set forth the name of each attorney or paralegal, the amount of time expended rendering each service, the date on which each service was rendered, a description of the service rendered and the total number of hours of services rendered by each attorney or paralegal in each category.

17. The services rendered by A&L during the period November 1, 2010 through July 21, 2011 have been segregated into twelve (12) categories as follows: (A)

Case Administration; (B) Employment of Professionals; (C) Financing; (D) Sale of Assets; (E) Plan / Disclosure Statement; (F) Claims Administration / Creditor Issues; (G) Fee Petition; (H) Tax issues; (I) Litigation; (J) Pension Plan / Retiree Benefits Issues; (K) Sale of U.S. Assets in Mexico; and (L) 9019 Settlement.  There is also an additional 'Expenses' category summarized in Exhibit M.  The fees sought by A&L in each of the aforesaid billing categories are summarized as follows:

| EXHIBIT | TITLE OF CATEGORY | AMOUNT SOUGHT |
|---|---|---|
| A | Case Administration | $13,553.00 |
| B | Employment of Professionals | $4,607.00 |
| C | Financing | $2,472.40 |
| D | Sale of Assets | $3,882.20 |
| E | Plan / Disclosure | $13,429.80 |
| F | Claims Administration / Creditor Issues | $3,106.40 |
| G | Fee Petition | $7,408.70 |
| H | Tax Issues | $2,071.10 |
| I | Litigation | $3,200.00 |
| J | Pension Plan / Retiree Benefits Issues | $31,569.70 |
| K | Sale of U.S. Assets in Mexico | $3,921.00 |
| L | 9019 Settlement | $41,715.20 |
|  | **Subtotal Fees** | **$130,936.50[1]** |
|  | **Additional Voluntary Reduction** | **$2,726.54** |
|  | **TOTAL FEES** | **$128,209.96** |
| M | Expenses | $1,758.59 |

---

[1] The "subtotal fees" listed above include prior discounts agreed upon between A&L and the Committee with respect to A&L's fees during the period of November 1, 2010 through May 13, 2011 (the "Discounted Period").  For the fees during the Discounted Period, A&L wrote off $12,820.50 in attorney time related to fees and services provided to the Debtor. Additionally, A&L reduced the 2011 billing rate for Michael Gesas from $590/hour to $531/hour, providing the estate an additional discount of $3,486.90.  In total, A&L's total reduction of fees and expenses for the Discounted Period totaled $16,307.40.

18. The time expended by each billing professional is set forth below and summarized as follows:

| Attorney / Professional | Specialty | Hours | Hourly Rate 2010 | Hourly Rate 2011 |
|---|---|---|---|---|
| Adam S. Fayne (ASF) | Tax | 2.40 | $310.00 | $330.00 |
| Becky L. Sutton (BAC) | Paralegal | 22.30 | $215.00 | $225.00 |
| John C. Fuller (JCF) | Paralegal | 4.70 | $240.00 | $240.00 |
| Jay P. Tarshis (JPT) | Employment | 2.90 | $550.00 | $550.00 |
| Kevin H. Morse (KHM) | Bankruptcy | 44.70 | $265.00 | $285.00 |
| Kathleen M. Lach (KML) | Tax | 0.20 | $400.00 | $415.00 |
| Mark A. Spognardi (MAS) | Employment | 3.70 | $475.00 | $495.00 |
| Michael L. Gesas (MLG) | Bankruptcy | 117.50 | $590.00 | $531.00[2] |
| Michelle G. Novick (MGN) | Bankruptcy | 6.00 | $430.00 | $450.00 |
| Miriam R. Stein (MZS) | Employment | 110.90 | $430.00 | $450.00 |
| Thomas P. Yardley (TPY) | Bankruptcy | 6.50 | $400.00 | $400.00 |
|  | **TOTAL:** | **321.80** |  |  |

19. The hourly rates listed above are customary and reasonable and are the same hourly rates charged to A&L's non-bankruptcy clients for various other matters.

20. There has been no duplication of services, either by partners or associates of A&L. When two or more attorneys participated in any activity, such joint participation was necessary as a result of either the complexity of the problems involved or the need to familiarize each attorney with the matters at issue so that each attorney could perform further necessary work. **Further, prior to the filing of this Application, A&L has voluntarily written off numerous time entries relating to meetings or court appearances where more than one attorney was present, and for other time A&L determined not to charge to the Debtor's estate. In total, A&L has written off $17,925 in attorney time during the period from November 1, 2010 through July**

---

[2] By agreement with the creditors' committee, Michael Gesas has voluntarily reduced his 2011 hourly rate by 10% from $590.00 per hour to $531.00 per hour.

**21, 2011. In addition to the write-offs and Discounted Period reductions, A&L has provided a 10% reduction on all fees for services provided during the period from May 14, 2011 through July 21, 2011 providing an additional reduction of $2,726.54.**

21. During the period from November 1, 2010 through July 21, 2011, A&L has worked extensively and in cooperation with the Committee and other parties to further and conclude the liquidation efforts of the Debtor. Toward that end, A&L has settled the claims of the Pension Benefit Guaranty Corporation regarding their asserted priority claims. A&L also finalized the settlement agreement with the Debtor's lenders and the German administrator of the Debtor's parent company which resolved more than $645 million of secured debt. Finally, A&L and the Committee filed and confirmed a joint plan of liquidation that set forth and authorized all remaining tasks to be completed in the final stage of the Debtor's liquidation. The terms of the settlement agreement crafted by A&L and the Committee with the lenders and German administrator has created a distribution for creditors when the possibility previously did not exist. The foregoing tasks performed by A&L are divided in each of the listed categories and are summarized as follows:

> EXHIBIT A – General Case Administration: This category includes the following: attendance at court hearings and all general court motions; activities which require simultaneous attention to issues involved in several of the foregoing categories B thru L; communications with counsel for the German administrator and other related entities; electronic preparation of documents for dissemination; and preparation of the Debtor's monthly operating reports and communications with the UST regarding same. A&L spent 35.8 hours of attorney and paralegal time on the foregoing services, as is more fully described in Exhibit A. Said services have a value of $13,553.00 or which A&L is seeking compensation.

| Case Administration | | | |
|---|---|---|---|
| **Professional** | **Position** | **Hours** | **Compensation Sought** |
| BLS | Paralegal | 9.0 | $1,995.00 |
| KHM | Associate | 2.2 | $344.50 |

| | | | |
|---|---|---|---|
| MLG | Partner | 10.6 | $5,752.50 |
| MZS | Partner | 14.0 | $5,461.00 |
| **Total** | | **35.8** | **$13,553.00** |

EXHIBIT B – Employment of Professionals: This category includes the following: drafting a motion for payment of postpetition retainer for the debtor's accountants; communications with the accountant regarding their time entries and fees; drafting fee applications for the debtor's accountant; and review and revisions to special litigation counsel's fee application. A&L spent 15.10 hours of attorney time on the foregoing services, as is more fully described in Exhibit B. Said services have a value of $4,607.00 for which A&L is seeking compensation.

| **Employment of Professionals** | | | |
|---|---|---|---|
| **Professional** | **Position** | **Hours** | **Compensation Sought** |
| BLS | Paralegal | 2.7 | $595.00 |
| KHM | Associate | 8.2 | $2,131.50 |
| MZS | Partner | 4.2 | $1,880.00 |
| **Total** | | **15.1** | **$4,607.00** |

EXHIBIT C – Financing: This category includes conferences regarding use of operating cash and budget; attendance at hearings on use of cash collateral; communications with the senior lenders' local and New York counsel; and other and further services relating to financing issues. A&L spent 5.2 hours of attorney time on the foregoing services, as is more fully described in Exhibit C. Said services have a value of $2,472.40 for which A&L is seeking compensation.

| **Financing** | | | |
|---|---|---|---|
| **Professional** | **Position** | **Hours** | **Compensation Sought** |
| KHM | Associate | 0.1 | $0.00 |
| MLG | Partner | 1.6 | $861.40 |
| MZS | Partner | 3.5 | $1,611.00 |
| **Total** | | **5.2** | **$2,472.40** |

EXHIBIT D – Sale of Assets: This category includes all work relating to the final liquidation and sale of the Debtor's remaining assets in this Chapter 11 case. These services include all negotiations and discussions with Debtor, Committee and interested parties in the sale of assets; preparation and filing of all sale documents including the motions to approve the sales, the notices of sales and

the orders approving the sales.[3]  Assets sold during this fee application period include, but are not limited to: tooling to General Motors; and manufacturing equipment and additional IP to Ford.  A&L spent 9.0 hours of attorney time on the foregoing services, as is more fully described in Exhibit D. Said services have a value of $3,882.20 for which A&L is seeking compensation.

| Sale of Assets | | | |
|---|---|---|---|
| **Professional** | **Position** | **Hours** | **Compensation Sought** |
| BLS | Paralegal | 0.3 | $64.50 |
| MLG | Partner | 2.6 | $1,492.70 |
| MZS | Partner | 6.1 | $2,325.00 |
| **Total** | | **9.0** | **$3,882.20** |

EXHIBIT E – Plan of Liquidation / Disclosure Statement:  This category includes continued development and implementation of a strategy to liquidate the Debtor and working with the committee to draft the debtor's plan of liquidation and related disclosure statement.  In connection with the plan and disclosure statement, the Debtor prepared motions to extend the time to file plan and disclosure statement; attended the hearing on the extension motions; and discussed the plan framework with the Committee; reviewed all claims filed and created a claims table for the disclosure statement; meetings and conferences with the Debtor, Committee, PBGC and other interested parties regarding the terms of the plan and disclosure statement; modified the plan and disclosure statement based on meetings and discussions; and attended the hearing on plan confirmation.  A&L spent 32.6 hours of attorney time on the foregoing services, as is more fully described in Exhibit E.  Said services have a value of $13,429.80 for which A&L is seeking compensation.

| Plan of Reorganization / Disclosure Statement | | | |
|---|---|---|---|
| **Professional** | **Position** | **Hours** | **Compensation Sought** |
| KHM | Associate | 0.8 | $0.00 |
| MLG | Partner | 12.0 | $6,442.80 |
| MZS | Partner | 19.8 | $6,987.00 |
| **Total** | | **32.6** | **$13,429.80** |

Exhibit F: Claims Administration / Creditor Issues: This category includes all communications with various creditors.  These services include: communications

---

[3] All fees and expenses relating to the sale of the Debtor's Mexican assets are described in Exhibit K.

with creditors regarding specific issues or questions about the bankruptcy; communications with the Committee's local and general counsel; continued claims analysis; communications with creditor regarding unpaid storage fees; and review of Committee's filed claim objections.  A&L spent 8.1 hours of attorney and paralegal time on the foregoing services, as is more fully described in Exhibit F.  Said services have a value of $3,106.40, for which A&L seeks compensation.

| Claims Administration / Creditor Issues | | | |
|---|---|---|---|
| **Professional** | **Position** | **Hours** | **Compensation Sought** |
| BLS | Paralegal | 2.5 | $549.50 |
| KHM | Associate | 1.1 | $303.50 |
| MAS | Partner | 2.3 | $1,092.50 |
| MLG | Partner | 1.5 | $831.90 |
| MZS | Partner | 0.7 | $329.00 |
| **Total** | | **8.1** | **$3,106.40** |

EXHIBIT G – Fee Petition:  This category includes work on drafting the Debtor's third interim fee application, this fourth and final fee application and review of other fee applications in the bankruptcy case.  Specifically, this required review of all of the Debtor's time entries for proper categorization; review for compliance with bankruptcy and local rules; calculation of fees/professional, fees/category and hours/professional; and the drafting of the application.  This category also involved the review of fees for this fee application, including multiple correspondence with the Committee regarding agreed upon discounts and application of the discounts to A&L's fee. A&L spent 40.5 hours of professional time on the foregoing services, as is more fully described in Exhibit G. Said services have a value of $7,408.70, for which A&L is seeking compensation.

| Fee Petition | | | |
|---|---|---|---|
| **Professional** | **Position** | **Hours** | **Compensation Sought** |
| BLS | Partner | 1.6 | $344.00 |
| KHM | Associate | 31.2 | $4,522.50 |
| MLG | Partner | 4.2 | $2,407.20 |
| MZS | Partner | 3.5 | $135.00 |
| **Total** | | **40.5** | **$7,408.70** |

EXHIBIT  H - Tax Issues:  This category includes all time spent relating to tax issues including: review of IRS notice to Debtor; conferences and discussions

with regard to notice; research and conference regarding exception to Form 5500 audit requirement; and review state of Michigan tax claim.  A&L expended 4.9 hours of attorney time on the foregoing services as is more fully described in Exhibit H.  Said services have a value of $2,071.10 for which A&L is seeking compensation.

| Fee Petition | | | |
|---|---|---|---|
| Professional | Position | Hours | Compensation Sought |
| ASF | Partner | 2.4 | $360.00 |
| KML | Partner | 0.2 | $360.00 |
| MLG | Partner | 1.1 | $472.00 |
| MZS | Partner | 1.2 | $472.00 |
| Total | | 4.9 | $2,071.10 |

EXHIBIT I – Litigation:  This category includes all time spent relating to litigation matters including the following: continued discussions with Debtor and Committee regarding status of litigation and adversary proceedings; discussions with Honda's counsel regarding 2004 examination and discuss purported payments with Debtor; research regarding visa and employment issues; and discussions about employment regulations.  A&L expended 7.7 hours of professional time on the foregoing services, as is more fully described in Exhibit I.  Said services have a value of $3,200.00 for which A&L is seeking compensation.

| Litigation | | | |
|---|---|---|---|
| Professional | Position | Hours | Compensation Sought |
| MAS | Partner | 1.4 | $135.00 |
| MZS | Partner | 0.3 | $665.00 |
| TPY | Partner | 6.0 | $2,400.00 |
| Total | | 7.7 | $3,200.00 |

EXHIBIT J – Pension Plan / Retiree Benefit Issues:  This category includes all work related to the Debtor's pension plan, retiree benefit issues and section 1114 of the bankruptcy code.  Specifically, this includes negotiations and discussions with the PBGC and the retiree committee's counsel; discussions regarding the potential pension and retiree claims; discussions about potential retiree stipulation and settlement; negotiations and settlement with the PBGC; drafting, reviewing and approving settlement with PBGC; and negotiations with retirement committee regarding plan confirmation.  A&L spent 66.1 hours of attorney and

paralegal time on the foregoing services, as is more fully described in Exhibit J. Said services have a value of $31,569.70 for which A&L is seeking compensation.

| Pension Plan / Retiree Benefit Issues | | | |
|---|---|---|---|
| **Professional** | **Position** | **Hours** | **Compensation Sought** |
| JZT | Partner | 2.9 | $1,595.00 |
| KHM | Associate | 1.1 | $313.50 |
| MLG | Partner | 31.2 | $16,803.20 |
| MZS | Partner | 30.9 | $12,858.00 |
| **Total** | | **66.1** | **$31,569.70** |

EXHIBIT K – Sale of U.S. Assets in Mexico:  This category includes all work relating to the controlled liquidation of the Debtor's remaining assets in Mexico. This category includes all work relating to negotiations with purchaser's counsel and landlord's counsel; settlement discussions with landlord, discussions with lender's counsel, and work relating to issues arising in the closing of the sale of Mexican assets; and drafting settlement of Mexico issues. A&L spent 7.8 hours of attorney and paralegal time on the foregoing services, as is more fully described in Exhibit K. Said services have a value of $3,921.00 for which A&L is seeking compensation.

| Sale of U.S. Assets in Mexico | | | |
|---|---|---|---|
| **Professional** | **Position** | **Hours** | **Compensation Sought** |
| MLG | Partner | 3.4 | $1,888.00 |
| MZS | Partner | 3.9 | $1,833.00 |
| TPY | Partner | 0.5 | $200.00 |
| **Total** | | **7.8** | **$3,921.00** |

EXHIBIT L – 9019 Settlement:  This category includes all work relating to the negotiations, preparation and settlement with the Debtor's secured lenders.  This category includes all work relating to the preparation of settlement terms; review of all loan documents and intercreditor agreements; negotiation of proposed settlement terms, drafting of settlement agreement and circulation of settlement agreement to all necessary parties; drafting a motion to approve settlement agreement and related documents; discussions with lenders' counsel with regard to settlement agreement and 9019 motion; revisions to settlement agreement and 9019 motion based on negotiations with lenders' counsel; finalizing settlement agreement and 9019 motion; and appearance at hearing on approval of settlement agreement. A&L spent 89.0 hours of attorney and paralegal time on

the foregoing services, as is more fully described in Exhibit L. Said services have a value of $41,715.20 for which A&L is seeking compensation.

| 9019 Settlement | | | |
|---|---|---|---|
| **Professional** | **Position** | **Hours** | **Compensation Sought** |
| BLS | Paralegal | 6.2 | $1,387.00 |
| JCF | Paralegal | 4.7 | $1,128.00 |
| MLG | Partner | 42.7 | $23,293.20 |
| MGN | Partner | 6.0 | $2,475.00 |
| MZS | Partner | 29.4 | $13,432.00 |
| **Total** | | **89.0** | **$41,715.20** |

Exhibit M– Expenses:  Exhibit M lists expenses, such as copying costs at 10¢ per page, federal express charges for service on overseas creditors and overnight delivery charges and long distance telephone calls.  A&L has voluntarily reduced its copying charges from $.20 per page to $.10 per page, and has eliminated the cost of sending and receiving faxes (except for the long distance portion of outgoing faxes).  A&L seeks $1,758.59 in expenses.

22.   A&L expended a total of 321.8 hours for the services provided to the Debtor.  Based on the hourly charges of A&L set forth above, A&L requests that the Court determine and allow it $128,209.96 as compensation and $1,758.59 for the reimbursement of reasonable out-of-pocket expenses pursuant to Section 330 and 331 of the Bankruptcy Code.

23.   Additionally, A&L requests final approval of all A&L fees and expenses in the Debtor's Chapter 11 bankruptcy case.  The aggregate fees and expenses sought by A&L for approval are summarized as follows:

| **Arnstein & Lehr LLP** | | |
|---|---|---|
| **Fee Application and Time Period** | **Fee Allowed / Requested** | **Costs Allowed / Requested** |
| First (10-19-09 - 2/15/10) | $ 180,443.00 | $ 2,683.50 |
| Second (2/16/10-5/31/10) | $ 185,859.50 | $ 2,474.85 |
| Third (6/1/10-10/31/10) | $ 173,465.00 | $ 2,954.24 |

| | | |
|---|---|---|
| Fourth & Final (11/1/10-7/21/11) | $ 128,209.96 | $ 1,758.59 |
| **TOTAL:** | **$ 667,977.46** | **$ 9,871.18** |

24. Based on the hourly charges of A&L set forth above, and in prior fee applications, A&L requests pursuant to Section 330 of the Bankruptcy Code that the Court allow it $667,977.46 as final compensation and $9,871.18 for the reimbursement of reasonable out-of-pocket expenses for the period of October 19, 2009 through July 21, 2011.

25. A&L respectfully submits that the fees and expense reimbursement sought herein are reasonable given the nature, extent and value of the services rendered, the quality and skill which the situation required, and the costs of comparable services in other cases under Chapter 11, and that time has been fairly and properly expended.

26. A copy of the Application has been sent to the Debtor and all parties receiving notice by the Court's ECF system, including the United States Trustee and counsel for the Official Committee of Unsecured Creditors. Notice of the Application and hearing date has been sent to all creditors of the estate and all parties entitled to notice.

WHEREFORE, Michael L. Gesas, Miriam R. Stein, Kevin H. Morse and the firm of Arnstein & Lehr LLP, respectfully request that the Court enter an Order:

A. Awarding A&L $128,209.96 as compensation and $1,758.59 in reimbursement of expenses for the period of November 1, 2010 through July 21, 2011 as set forth herein pursuant to Bankruptcy Code Section 330 and 331;

B. Awarding A&L the aggregate amount of $667,977.46 as final compensation and $9,871.18 in reimbursement of expenses for the period of October 19, 2009 through July 21, 2011 as set forth herein pursuant to Bankruptcy Code Section 330;

C. Authorizing the Debtor to pay the allowed amount of fees and expenses; and

D. Granting such other and further relief as the Court deems just and proper.

        ARNSTEIN & LEHR LLP

        By:   /s/ Michael L. Gesas
            One of its Attorneys

Michael L. Gesas (06186924)
Miriam R. Stein (06238163)
Kevin H. Morse (06297244)
ARNSTEIN & LEHR LLP
120 S. Riverside Plaza, Suite 1200
Chicago, IL 60606
Phone: (312) 876-7100
Fax: (312) 876-0288