IN THE UNITED STATES BANKRUPTCY COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | |
|---|---|
| In re: ) | |
| ) | Chapter 11 |
| EDSCHA NORTH AMERICA, INC. d/b/a ) | |
| EDSCHA U.S.A., INC. and ) | Case No. 09-39055 |
| EDSCHA JACKSON, INC. ) | |
| ) | Hon. Carol A. Doyle |
| ) | Chief Bankruptcy Judge |
| Debtor. ) | |
| ) | . |

## NOTICE OF MOTION

To:   See Attached Service List

PLEASE TAKE NOTICE that on **Tuesday, June 19, 2012, at 10:30 a.m.** or as soon thereafter as counsel may be heard, the undersigned will appear before the Honorable Carol A. Doyle, Bankruptcy Judge, or such other judge as may be sitting in her place and stead, in Courtroom 742, 219 South Dearborn Street, Chicago, Illinois and shall then and there present the attached **MOTION FOR FINAL DECREE AND TO CLOSE BANKRUPTCY CASE**, at which time and place you may appear as you see fit.

        Respectfully submitted,

        EDSCHA NORTH AMERICA, INC.,
        the reorganized debtor

        By:   /s/ Miriam R. Stein
               One of its attorneys

Michael L. Gesas (ARDC #06186924)
Miriam R. Stein (ARDC #06238163)
ARNSTEIN & LEHR LLP
120 S. Riverside Plaza, Suite 1200
Chicago, IL 60606
Telephone: 312.876.7100
Facsimile: 312.876.0288

## CERTIFICATE OF SERVICE

I, Miriam R. Stein, an attorney, certify that I caused a copy of the attached Notice of Motion and Motion to be served on the parties listed on the attached Service List, via U.S. Mail with proper postage pre-paid, via facsimile and in addition to those parties receiving notification by participation in the Court's ECF system, as indicated on the attached Service List, on June 11, 2012.

/s/ Miriam R. Stein

10185507.1

# ECF SERVICE LIST
# EDSCHA NORTH AMERICA, INC.
# 09-39055

Mark E. Abraham on behalf of Interested Party Ann Blackman
mabraham@gouldratner.com, mhuerta@gouldratner.com

George P Apostolides on behalf of Debtor Edscha North America, Inc.
gpapostolides@arnstein.com

Judy B Calton on behalf of Creditor General Motors LLC
jcalton@honigman.com

W. Kent Carter on behalf of Creditor Markson Tool & Manufacturing Company
wcarter@clarkhill.com, estoneking@clarkhill.com

Heather M Durian on behalf of Creditor State of Michigan, Department of Treasury
durianh@michigan.gov

Chizoba Egbuonu on behalf of Creditor Pension Benefit Guaranty Corporation
egbuonu.chizoba@pbgc.gov, efile@pbgc.gov

Michael M. Eidelman on behalf of Attorney Vedder Price
meidelman@vedderprice.com, ecfdocket@vedderprice.com

Timothy Engling on behalf of Creditor Ford Motor Company
engling@millercanfield.com,
laplante@millercanfield.com;swansonm@millercanfield.com

Earle Erman on behalf of Creditor 2800 Centerpoint Parkway Investments, LLC
eerman@ermanteicher.com, druhlandt@ermanteicher.com

Michael L. Gesas on behalf of Debtor Edscha North America, Inc.
mlgesas@arnstein.com,
blsutton@arnstein.com;lcsolomon@arnstein.com;jbmedziak@arnstein.com

Gordon E. Gouveia on behalf of Creditor Tennessee Commerce Bank
ggouveia@shawgussis.com, mwestbrook@shawgussis.com

Michael C. Hammer on behalf of Creditor Chrysler Group LLC
mchammer2@dickinsonwright.com

Patrick S Layng
USTPRegion11.ES.ECF@usdoj.gov

Robert A McKenzie on behalf of Plaintiff Edscha North America, Inc.

ramckenzie@arnstein.com

Colleen E McManus on behalf of Creditor Unicredit Luxembourg S.A.
cmcmanus@carlsondash.com

Kevin H Morse on behalf of Debtor Edscha North America, Inc.
khmorse@arnstein.com

Michelle G Novick on behalf of Debtor Edscha North America, Inc.
mgnovick@arnstein.com, lcsolomon@arnstein.com

David W Parham on behalf of Creditor Finsa Northern Assets I
david.parham@bakermckenzie.com, julia.rogic@bakermckenzie.com

Aaron M Silver on behalf of Creditor Committee Official Committee of Unsecured Creditors of Edscha North America, Inc.
asilver@honigman.com

Miriam R. Stein on behalf of Debtor Edscha North America, Inc.
mrstein@arnstein.com, jbmedziak@arnstein.com

William W Thorsness on behalf of Creditor Committee Official Committee of Unsecured Creditors of Edscha North America, Inc.
wthorsness@vedderprice.com, ecfdocket@vedderprice.com

Robert B. Weiss on behalf of Attorney Honigman Miller Schwartz and Cohn LLP
rweiss@honigman.com

# EDSCHA NORTH AMERICA, INC.
## SERVICE LIST
## 09-39055

| | |
|---|---|
| HVB Banque Luxemborg Societe<br>FKA-KRE/SFB2,4, rue Alphonse<br>Weiker, Luxembourg<br>LUXL-2721<br>*Facsimile 352 42 72 4500* | HEICO Umformtechnick<br>Postfatch 2010<br>59469 ENSE<br>Niederse, Germany<br>*Facsimile 49 (0) 2938/805-198* |
| Sarah Nye Campbell<br>Clifford Chance US LLP<br>31 West 52nd Street<br>New York, NY 10019<br>*Facsimile 212-878-8375* | Hans-Gerd H. Jauch<br>Rechtsanwalt/Partner<br>GORG Rechtsanwalte/Insolvenzverwalter<br>Sachsenring 83, D-50677 Koln<br>Germany<br>*Facsimile 49 221 33660 85* |
| EDSCHA AG<br>Hohenhagener Str. 26-28<br>D42855 Remscheid<br>Germany<br>*Facsimile 49 (0)2191.363-549* | Intermediate Capital Group PLC<br>20 Old Broad Street<br>London EC2N 1DP<br>United Kingdom<br>*Via Overnight Mail* |
| Intermediate Capital Group PLC<br>Herr Brenke<br>Ander Welle 5<br>69322 Frankfurt, Germany<br>*Via Overnight Mail* | Instituto Mexicano del Seguro Social<br>Sub Delegaciion Matamoros<br>Alvaro Obregon No. 238<br>Esq. Segunda Colonia Jardin<br>Matamoros Tamaulipas CP 87330<br>*Via Overnight Mail* |
| Servicio de Administracion Tributria<br>Administracion local de Recaudacion de Met<br>Prolongacion Calixto Ayala No. 202<br>Col. Industrial, CP 87350<br>H. Matamoros Tamaulipas<br>*Via Overnight Mail* | Secretaria De Finanzas Gobierno De Tamaulipas<br>Departamento de Atencion al Contribuyente<br>Edificio Tiempo Nuevo, planta baja<br>Blvd Emilio Portes Gil No. 1260<br>Ciudad Victoria Tamaulipas<br>*Via Overnight Mail* |
| Grant Industires, Inc. Organization<br>33415 Grossbeck Highway<br>Fraser, MI 48026 | Ranger Die, Inc.<br>2024 Kinney N.W.<br>Grand Rapids, MI 49534 |
| CEF & Associates<br>c/o Timothy Ferrell<br>Simon, Galasso & Frantz PC | Accident Fund Insurance<br>232 South Capital Avenue<br>Lansing, MI 48933 |

| | |
|---|---|
| 363 West Big Beaver Road, #250<br>Troy, MI 48084 | |
| A.V. Gauge & Fixture<br>4000 Delduca Drive<br>Old Castle<br>Ontario CANADA N0R 1L0 | Cleveland Die & Manufacturing<br>20303 First Avenue<br>Middleburg Heights, OH 44130 |
| Detroit Testing Laboratory, Inc.<br>27485 George Merrelli Drive<br>Warren, MI 48092 | Eurospec Tooling<br>130 Harry Walker Parkway<br>Newmarket<br>Ontario, CANADA L3Y 7B2 |
| GE Capital<br>P.O. Box 640387<br>Pittsburg, PA 15264-0387 | Mercedes<br>c/o David D. Dowd III<br>Burr and Forman<br>420 North 20th Street, Suite 3400<br>Birmingham, AL 35203 |
| William V. Wilson<br>General Electric Capital Corp.<br>1301 Virginia Drive, Suite 200<br>Fort Washington, PA 19034 | St. Paul Travelers<br>c/o Bank of America<br>91287 Collections Center Drive<br>Chicago, IL 60693-1287 |
| Nissan Motors<br>c/o Michael R. Paslay<br>Waller Lansden Dortch & Davis LLP<br>511 Union Street, Suite 2700<br>Nashville, TN 37219 | Paul Melville<br>Grant Thornton<br>2777 Franklin Road, Suite 800<br>Southfield, MI 48034 |
| Internal Revenue Service<br>Mail Stop 5010 CHI<br>230 South Dearborn Street, Suite 2300<br>Chicago, IL 60606 | Alexander Terras<br>Reed Smith LLP<br>10 South Wacker Drive, 40th Floor<br>Chicago, IL 60606-7507 |
| D. Patrick Mullarkey<br>Tax Division (DOJ)<br>P.O. Box 55 – Ben Franklin Station<br>Washington, DC 20044 | Internal Revenue Service<br>Centralized Insolvency Operations<br>P.O. Box 7346<br>Philadelphia, PA 19101-7346 |
| Jim Newbold<br>100 West Randolph Street<br>Bankruptcy Section Level 7-425<br>Chicago, IL 60601 | Michigan Unemployment Insurance Agency<br>Tax Office – Suite 11-50<br>3024 West Grand Boulevard<br>Detroit, MI 48202-6024 |

| | |
|---|---|
| David W. Parham<br>R. Adam Swick<br>Baker & McKenzie LLP<br>2300 Trammell Crow Center<br>2001 Ross Avenue<br>Dallas, TX  75201 | IKON Financial Services<br>Bankruptcy Administration<br>1738 Bass Road<br>P.O. Box 13708<br>Macon, GA  31208-3708 |
| Robert J. Diehl, Jr.<br>David J. Nowaczewski<br>Bodman LLP<br>6th Floor at Ford Field<br>1901 St. Antoine Street<br>Detroit, MI  48226 | PayPal, Inc.<br>P.O. Box 45950<br>Omaha, NE  68145-0950 |
| PayPal, Inc.<br>2211 North First Street<br>San Jose, CA  95131 | |

IN THE UNITED STATES BANKRUPTCY COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | | |
|---|---|---|
| In re: | ) | Chapter 11 |
| | ) | |
| **EDSCHA NORTH AMERICA, INC.** | ) | Case No. 09-39055 |
| **d/b/a EDSCHA USA, INC.** | ) | |
| **d/b/a EDSCHA JACKSON, INC.** | ) | Hon. Carol A. Doyle |
| | ) | |
| Debtor. | ) | |

## MOTION FOR FINAL DECREE AND TO CLOSE BANKRUPTCY CASE

NOW COMES EDSCHA NORTH AMERICA, INC., d/b/a EDSCHA USA, INC., d/b/a EDSCHA JACKSON, INC., the reorganized debtor ("Edscha" or "Debtor"), by and through its counsel, Michael L. Gesas, Miriam R. Stein of Arnstein & Lehr LLP *of counsel*, with its Motion for Final Decree and to Close Bankruptcy Case ("Motion") and in support thereof, states as follows:

### Background

1. On October 19, 2009 (the "Petition Date"), the Debtor filed a voluntary petition for relief under Chapter 11 of the Bankruptcy Code. Since that time, the Debtor has been managing its assets as a debtor in possession.

2. The Debtor was a manufacturer and supplier of body hardware, such as hinges, checklinks, closures and driver controls, such as hand and foot brakes, for the automotive industry. Prior to the Petition Date, the Debtor discontinued its operations and began to liquidate its assets by selling the assets for the benefit of creditors.

3. On March 4, 2009, the United States Trustee appointed an official committee of unsecured creditors (the "Committee").

1

**Error! Unknown document property name.**

4.  The Debtor continued to liquidate its assets during the bankruptcy proceeding and intends to wrap up its affairs and distribute the proceeds to creditors. Accordingly, on June 16, 2011, the Debtor and the Committee filed a Joint Plan of Liquidation of Edscha North America, Inc. dated June 13, 2011 (Docket No. 315) (the "Plan") and the related Disclosure Statement (Docket No. 313) setting forth a plan to complete the liquidation and make distributions to creditors. The Plan was confirmed and the Disclosure Statement was approved by final order (Docket No. 467) ("Confirmation Order") on July 29, 2011 (the "Confirmation Date").

5.  The Plan authorized the Committee to object to claims. Since the Confirmation Date, the Committee has objected to all disputed and/or duplicative claims. All claim objections have been since compromised, settled or otherwise resolved by Court order or withdrawn. The Internal Revenue Service has asserted a claim against Edscha of New York, Inc., a non-debtor entity, for approximately $10,000, but has not filed a claim in this case. The liability is being appealed and the Debtor does not believe it has any liabilities to the IRS. All motions have been resolved with respect to the Debtor.

6.  The Plan classified claims and interests into the following classes:

    (i)    Class 1 – Priority Claims

    (ii)   Class 2 – Lender's Secured Claims

    (iii)  Class 3 – Other Secured Claims

    (iv)   Class 4 – PBGC Claim

    (v)    Class 5 – General Unsecured Claims

    (vi)   Class 6 – Equity Interests

7.  Since the Confirmation Date, the Debtor has made payments to Class 1, Class 2, Class 3 and Class 4. Payments to Class 5 (unsecured class) is being made contemporaneous with

2

**Error! Unknown document property name.**

or shortly after the filing of this Motion. No distribution shall be made to Class 6 equity interests.

8. The Debtors have reserved approximately $30,000 to pay (i) professional fees incurred in connection with wrapping up the estate, (ii) any other expense associated with the final distributions and wrapping up the affairs.

9. In addition, the Debtors may recover up to an additional $25,000 from a claim against its insolvent Canadian affiliate.

10. To the extent the Debtors are able to make additional distributions to any creditors in excess of twenty-five ($25) dollars, the Debtors will make such additional distributions. Otherwise, the pro rata distribution attributable to any such creditor will be donated to a non-profit 503(c) organization dedicated to providing access to bankruptcy courts.

11. As a result, the Plan has been substantially consummated. All payments due to the U.S. Trustee have been or shall be paid in full prior to the hearing on this Motion.

## Relief Sought

12. By this Motion, the Debtor seeks the entry of a Final Decree and Order closing this bankruptcy case.

## Discussion

13. Bankruptcy Code section 350(a) provides that the court shall close a bankruptcy case once it has been fully administered. 11 U.S.C. §350(a) ("After an estate is fully administered ... the court shall close the case."). Bankruptcy Rule 3022 implements Section 350(a) in the context of a chapter 11 reorganization. Fed. R. Bankr. P. 3022 ("After an estate is fully administered in a chapter 11 reorganization case, the court, on its own motion or on motion of a party in interest, shall enter a final decree closing the case.").

**Error! Unknown document property name.**

14.     The term "fully administered" is not defined in the Bankruptcy Code.  "At one extreme, an estate court be fully administered when a Chapter 11 plan is confirmed and the estate dissolves …. At the other extreme, an estate court be fully administered when all that is called for under a plan occurs." *In re Mold Makers, Inc.*, 124 B.R. 766, 768 (Bankr. N.D. Ill. 1990). Several courts have held that a case is fully administered and may be closed even though the reorganized debtor has not completed all payments to creditors. *See e.g. In re D&L Nicolaysen*, 228 B.R. 252, 261 (Bankr. E.D. Ca. 1998); *In re Jay Bee Enterprises, Inc.*, 207 B.R. 536, 539 (Bankr. E.D. Ky. 1997) ("[Rule 3022] does not require that a chapter 11 case be kept open until all awarded fees and allowed claims have been paid in accordance with the confirmed plan …").

15.     To assist courts in deciding whether a case is substantially administered, there are six non-exclusive factors. *In re Rebel Rents, Inc.*, 326 B.R. 791, 804 (Bankr. C.D. Cal. 2005); *In re Jay Bee Enterprises, Inc.*, 207 B.R. at 538. Not all of these factors need to exist before a court may enter a final decree; these factors only serve as a guideline. *See e.g. In re Mold Makers, Inc.*, 124 B.R. at 768 (noting that all six factors need not be present; rather, a court uses the factors "as a guide in assisting … in its decision to close a case."). The six factors are:

1. Whether the order confirming the plan has become final;
2. Whether deposits required by the plan have been distributed;
3. Whether the property proposed by the plan to be transferred has been transferred;
4. Whether the debtor has assumed the business or management of the property dealt with by the plan;
5. Whether payments under the plan have commenced; and
6. Whether all motions, contested matters and adversary proceedings have been resolved.

16.     In this case, each of the factors has been satisfied. The Confirmation Order is final. The Plan required no deposits to be made. As set forth in detail above, all assets of the Debtor have been liquidated. All payments under the Plan have been commenced and are

4

**Error! Unknown document property name.**

substantially complete. Finally, all pending motions have been resolved. Accordingly, a final decree should be entered and the bankruptcy case should be closed.

### Notice

17. Notice of this Motion for Final Decree has been provided to (i) the United States Trustee; (ii) the Committee; (iii) all of the Debtor's creditors; (iv) the Secured Creditors; and (v) all other parties in interest who have requested notice in this case.

### Conclusion

WHEREFORE, the Reorganized Debtor respectfully requests that this Court enter an Order: (a) authorizing the entry of a final decree closing this case pursuant to Bankruptcy Code section 350(a) and Rule 3022 of the Federal Rules of Bankruptcy Procedure; (b) approving the notice provided; and (d) granting the Debtor such other and further relief as may be appropriate.

Dated: June 11, 2012     EDSCHA NORTH AMERICA, INC.

By: ____/s/ Miriam R. Stein_____
    One of its Attorneys
    Michael L. Gesas
    Miriam R. Stein
    ARNSTEIN & LEHR LLP
    120 S. Riverside Plaza, Suite 1200
    Chicago, IL 60606
    Tel: (312) 876-7100
    Fax: (312) 876-0288
    www.arnstein.com

Error! Unknown document property name.